

**FILED**

August 19, 2020

**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

ALTHEA EDDY, as Personal Representative )
of the Estate of LINTON EDDY, )
                             )
                 Plaintiff, )
            v. )
TREASURE BAY V.I., CORP., d/b/a )
Divi Carina Bay Casino, and )
CASINO CONTROL COMMISSION, )
                 Defendants. )

**CIVIL CASE NO.: SX-15-CV-049**

2020 VI Super 76U

## MEMORANDUM OPINION and ORDER GRANTING MOTION TO DISMISS

¶ 1    Before the Court is Defendant Treasure Bay's Motion to Dismiss Amended Complaint, filed December 8, 2016; opposed by Plaintiff's Opposition, filed February 21, 2017; and supplemented by Defendant's Reply, filed March 21, 2017. For the reasons set forth herein, Defendant's Motion will be granted, and Plaintiff's Amended Complaint against Defendant Treasure Bay V.I. Corp. (TBVI) will be dismissed without prejudice.

¶ 2    TBVI responded to Plaintiff's original Complaint by Motion to Dismiss, filed May 7, 2015. Following full briefing, by Order entered October 4, 2016, ruling on the Motion was deferred and Plaintiff was granted time within which to file an amended complaint to address deficiencies discussed within the Order. Plaintiff's Amended Complaint was filed October 31, 2016. Accordingly, by Order entered November 2, 2016, TBVI's Motion to Dismiss Plaintiff's original Complaint was denied as moot. TBVI's present Motion to Dismiss Plaintiff's Amended Complaint followed, seeking dismissal pursuant to V.I. R. Civ. P. 12(b)(1) and 12(b)(6), alleging that the Court lacks subject matter jurisdiction over the dispute and that Plaintiff has failed to state a claim upon which relief may be granted, in that Plaintiff failed to exhaust his administrative remedies prior to filing this action, and that he therefore lacked standing to pursue his claims by this litigation.[1]

---

[1] The Virgin Islands Rules of Civil Procedure became effective March 31, 2017, after TBVI's present Motion was filed. Yet, pursuant to V.I. R. Civ. P. 1-1(c), these rules govern proceedings in an action pending on the effective date unless the trial court makes an express finding that applying them in such an action would be infeasible or would work an injustice. No such finding is made here.

¶ 3     By the Amended Complaint, Plaintiff asserts six separate counts against TBVI, as follows:

COUNT 1:     Violation of the Maximum Winning Notice [32 V.I.C. § 456(e), (f) and (g)]

COUNT 2:     Violations of 32 V.I. R[ules] & Reg[ulation]s § 456-3.8

COUNT 3:     Discrimination

COUNT 4:     Violation of 32 V.I.C. § 456

COUNT 5:     Breach of Contract [32 V.I.C. Chapter 21 § 401; Rules and Reg[ulation]s 408-1 – 408-4; all Subchapters of the CCC Rules and Reg[ulation]s]

COUNT 6:     Violation of 32 V.I.C. § 475 and Breach of Fair Play [2]

¶ 4     Plaintiff Linton Eddy initially presented his claims against TBVI in an administrative setting before the Casino Control Commission (VICCC-14-0528-86D-011). The matter came on for hearing before Independent Hearing Officer Jada Finch Sheen on September 24, 2014, consolidated with an administrative action prosecuted by the Virgin Islands Department of Justice (*Division of Gaming Enforcement v. Linton Eddy, Jr.;* VICCC-14-0528-86D-007), seeking to exclude Linton Eddy from TBVI's casino for actions described by the Hearing Officer as "belligerent" behavior, "intimidating people at the tables," conduct that is "specifically prohibited by statute."[3]

¶ 5     The action brought by the Division of Gaming Enforcement (VICCC-14-0528-86D-007) was dismissed by the Casino Control Commission (CCC), on recommendation from the Independent Hearing Officer, pursuant to Eddy's agreement "to voluntarily exclude himself from all gaming facilities in the Virgin Islands" for a specified period.[4] The administrative action brought by Plaintiff against TBVI was dismissed without prejudice at the request of Plaintiff's counsel.[5]

---

[2] A seventh count seeks relief from named Defendant Casino Control Commission, entitled: "Count 7 Casino Control Commission's Negligence, Due Process Violations and Collusion with Divi." Plaintiff's claims in Count 7 seeking damages against CCC are not addressed here.

[3] TBVI Motion, Exh. A, September 24, 2014 Hearing transcript, at 9.

[4] Plaintiff's Opposition, Exh. A, Letter of CCC Executive Director, February 17, 2016.

[5] "With respect to his complaint of April, which is [#011], we ask that you dismiss that matter without prejudice, in that we intend to follow up with a civil action in the Superior Court of the Virgin Islands." Motion, Exh. A, 9/24/14 Tr. at 5.

## DISCUSSION

¶ 6     The Virgin Islands is a notice pleading jurisdiction in which a complaint will be deemed sufficient if it "adequately alleges facts that put an accused party on notice of claims brought against it." *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017), citation omitted. A plaintiff's complaint must nonetheless set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." V.I. R. Civ. P. 8(a)(2).

¶ 7     TBVI argues that the Virgin Islands Casino and Resort Control Act (CRCA)[6] provides an exclusive administrative remedy for claims of civil violations of the Act and the rules and regulations promulgated thereunder.[7] Specifically, the CCC created under the Act as an independent agency of the executive branch of the Government of the Virgin Islands[8] has general responsibility for the implementation of provisions of the Act, including, without limitation, the responsibility "to conduct all hearings pertaining to civil violations" and to levy and collect penalties for the violations of provisions of the Act and the regulations promulgated thereunder.[9] It is only after administrative proceedings are concluded that review of the final decision of the CCC is available: "any person aggrieved by a final decision or order of the Commission made after hearing or rehearing by the Commission... may obtain judicial review thereof by appeal to the Superior Court in accordance with the Rules of Courts of the Virgin Islands."[10]

¶ 8     The Motion urges that the cited statutory language provides that the CCC is the exclusive forum where an aggrieved claimant may seek relief arising from alleged civil violations of the Act and of the rules and regulations promulgated thereunder. The Supreme Court has recognized that

---

[6] Act No. 6069, § 6, Sess. L. 1995, 19-23 (1995), codified at 32 V.I.C. § 401, et seq.

[7] The CRCA specifically provides that the Superior Court does have jurisdiction to prevent and restrain criminal racketeering activity in violation of 32 V.I.C. § 487, and a person injured in his business or property by such criminal racketeering activity may sue therefor in the Superior Court and may recover threefold the damages sustained plus costs, including attorney's fees. 32 V.I.C. § 488(a), (c). Plaintiff presents no such claims here.

[8] 32 V.I.C. § 404.

[9] 32 V.I.C. § 415(b) and (e).

[10] 32 V.I.C. § 470(a).

"the rule requiring exhaustion of administrative remedies... where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course." *V.I. Conservation Soc'y v. Golden Resorts, LLLP*, 55 V.I. 613, 620 (V.I. 2011) (citing *United States v. Western Pacific R. Co.*, 352 U.S. 59, 63-64 (1956)).

¶ 9     As the CRCA imposes the duty on the CCC to conduct *all* hearings relating to claims of civil violations of the Act and related regulations, the claims presented here by Plaintiff are cognizable in the first instance by the CCC alone.[11] Accordingly, "judicial interference" is to be withheld until the administrative process has concluded. *Id.* Here, Counts 1, 2, 4 and 6 of the Amended Complaint by their terms allege specific civil violations of the CRCA and regulations promulgated under the Act and, therefore, by the provisions of the Act are cognizable in the first instance by the administrative agency alone.

¶ 10     Count 3, entitled "Discrimination," does not specifically reference the Act, but alleges that TBVI "willfully and maliciously changed the rules of the Craps table, only applicable to EDDY and not to any other player while EDDY was playing."[12] Rather than allege that changing the rules of play constituted a statutory or regulatory violation, Count 3 alleges that the rule changes were targeted and applied against Plaintiff only, which "constituted arbitrary acts of discrimination." Plaintiff alleges no legal basis in the Act or by other authority for the claim and fails to articulate Plaintiff's membership in any class of persons against whom discrimination is prohibited. The alleged discriminatory action was TBVI's lowering the betting limit and changing various rules of games for Eddy alone and not "for any other player." Plaintiff alleges that the disparate treatment Eddy experienced was "because he was winning."[13]

---

[11] The Amended Complaint cites no provision of the CRCA, or other authority, for the proposition that a private cause of action may be maintained by a person allegedly harmed by a violation of the Act or regulations. TBVI's Motion does not address the issue of the existence of a private remedy under the Act but focuses on the statutory requirement that the CCC has the responsibility to conduct all hearings pertaining to alleged civil violations. The issue of the availability of a private cause of action for an alleged violation of the Act is not addressed herein.

[12] Amended Complaint, ¶ 77.

[13] *Id.* ¶ 78.

¶ 11    Declaring that it is "the public policy of the United States Virgin Islands that all natural persons within its jurisdiction shall be entitled to the full and equal accommodations, advantages, facilities, and privileges of any place of public accommodations, resort, or amusement…,"[14] the Virgin Islands Civil Rights Act makes it an unlawful discriminatory practice for the owner or proprietor of any place of public accommodation, resort or amusement, "because of the race, creed, age, color, national origin, sex, disability and/or political affiliation of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…".[15]

¶ 12    Plaintiff has not alleged unlawful discriminatory acts or practices of TBVI against him on account of his status as a member of a protected class. Instead he claims that TBVI committed "arbitrary acts of discrimination" against him "because he was winning." Even if the act of changing the rules of a game of chance were contrary to the provisions of the CRCA and its regulations, Plaintiff has not stated a claim of discrimination upon which relief may be granted under Count 6, which will be dismissed pursuant to V.I. R. Civ. P. 12(b)(6).

¶ 13    Count 5 of the Amended Complaint, entitled "Breach of Contract," alleges that the relationship between Plaintiff and TBVI "was based on a contract as particularly outlined in the Public Policy stated in 32 V.I.C. Chapter 21 § 401 and the Rules and Regulations stated in 32 V.I. R. and Regs. § 408-1 through 408-4 and all Subchapters of the CCC Rules and Regs."[16] However, neither the declaration of public policy in the statute, nor any of the dozens of regulatory provisions referenced in Count 5 may be read to establish a statutory contractual relationship between TBVI and Eddy.

¶ 14    To set forth a viable breach of contract claim, Plaintiff must show that a contract existed, that there was a duty created by that contract, that such duty was breached, and that he suffered damages as a result. *Chapman v. Cornwall*, 58 V.I. 431, 438 (V.I. 2013) (citing *Arlington Funding Servs., Inc.*

---

[14] 10 V.I.C. § 1.

[15] 10 V.I.C. § 64(3).

[16] Amended Complaint, ¶ 84.

*v. Geigel*, 51 V.I. 118, 135 (V.I. 2009)). The Amended Complaint fails to present a short and plain statement demonstrating that a contact existed, and therefore fails to show that Plaintiff is entitled to relief on a breach of contract claim. *See* V.I. R. Civ. P. 8(a)(2).

¶ 15    Contrary to the Amended Complaint's allegations, the Legislature's finding and declaration of public policy cannot be read to "particularly outline" a contractual relationship between a casino licensee such as TBVI and a Virgin Islands resident casino patron. Rather, the statute finds and declares that the tourist, resort and convention industry constitutes a critical component of the Virgin Islands economy and that the rehabilitation and development of tourist and convention facilities on St. Croix and the expansion and encouragement of the Virgin Islands hospitality industry and the development of tourism on St. Croix will facilitate the restoration of the Virgin Islands as the "Playground of the World" and the major hospitality center of the Eastern United States. *See* 32 V.I.C. § 401(c)(2).

¶ 16    To that end, the cited statute, and the Act in general, seek to facilitate the development on St. Croix of hotel, tourist and hospitality-oriented facilities by creating the CCC; implementing a new zoning designation; and restricting the issuance of casino licenses to major hotel and convention facilities where the casinos are always offered and maintained as an integral element of such hospitality facilities. The dozens of regulations referenced in Count 5 include rules relating to the organization and operation of the CCC, standards and processes for licensure, CCC hearings and procedures, among numerous other topics. Nowhere, however, in section 401 or in any of the rules and regulations is there any language to establish or permit an inference that the Act creates a contractual relationship between TBVI, as licensee under the Act, and Plaintiff, as a Virgin Islands casino patron. Because the Amended Complaint does not show the existence of a contact between the parties, Plaintiff has failed in Count 5 to state a claim upon which relief for breach of contract may be granted, such that TBVI's Motion will be granted pursuant to V.I. R. Civ. P. 12(b)(6).

¶ 17    Apart from Counts 3 and 5, entitled "Discrimination" and "Breach of Contract," respectively, Counts 1, 2, 4 and 6 all allege specific violations of the Act or of rules and regulations adopted pursuant to the Act. As noted, the CCC has the responsibility under the Act "to conduct all hearings

pertaining to civil violations of this chapter or regulations promulgated hereunder." 32 V.I.C. § 425(b). Accordingly, in the first instance, Plaintiff was required to present his claims against TBVI to the administrative agency created to implement and enforce the Act.

¶ 18    Plaintiff acknowledges the obligation to first present his complaint alleging TBVI violations to CCC, but states that "Plaintiff has exhausted his administrative remedies." He initially lodged a complaint to the CCC representative stationed at the casino, who instructed him to file the complaint at CCC's office in Golden Rock. "Plaintiff immediately complied and filed his complaint against DIVI." However, when the complaint came on for hearing, the parties agreed that "Plaintiff would dismiss his complaint."[17]

¶ 19    The voluntary dismissal of Plaintiff's administrative complaint occurred in the context of the settlement of the quasi-criminal action prosecuted against Plaintiff by the Division of Gaming Enforcement, wherein Plaintiff agreed to voluntarily stay away from TBVI's casino. At the same time, Plaintiff voluntarily dismissed his administrative complaint against TBVI without prejudice, with the intention that he would file this civil action. The Independent Hearing Officer agreed to recommend to the CCC the voluntary dismissal of Plaintiff's complaint against TBVI. Plaintiff takes the position that by filing and then voluntarily dismissing his complaint he has exhausted his administrative remedies. Further, notwithstanding CCC's exclusive responsibility under 32 V.I.C. § 415(b) to adjudicate all claims of civil violations of the Act, he argues that CCC "agreed with plaintiff that he could take his complaint to a court of law. This was within CCC's power."[18]

¶ 20    Plaintiff cites neither authority within the Act nor any other authority for the proposition that a claimant and the CCC can agree between themselves to confer jurisdiction upon the Superior Court where the Legislature reserves exclusively to the CCC the responsibility to conduct all hearing regarding alleged civil violations of the Act and rules and regulations. The fact that Plaintiff must first exhaust his administrative remedies before the CCC is clear from the fact that judicial recourse is specifically made available to him by the appeal to the Superior Court of an adverse ruling of the

---

[17] Opposition, at 3, 2.

CCC. "Any person aggrieved by a final decision or order of the Commission made after hearing or rehearing by the Commission, whether or not a petition for hearing was filed, may obtain judicial review thereof by appeal to the Superior Court in accordance with the Rules of Courts of the Virgin Islands."[19]

¶ 21    It is well established that "a complainant's failure to exhaust administrative remedies constitutes a sufficient basis for dismissing related civil causes of action." *Bonelli v. GVI*, 67 VI 714, 723 (V.I. 2017) (citing *Chapman v. Cornwall*, 58 V.I. at 411). Here, although Plaintiff filed his administrative claim, he did not exhaust the administrative remedies available to him, but rather voluntarily dismissed those claims without a final decision of the CCC. Plaintiff's failure to exhaust his administrative remedies before the CCC constitutes a sufficient basis to dismiss his related civil causes of action set forth in Counts 1, 2, 4 and 6. Those Counts will be dismissed without prejudice, as Plaintiff has failed to set forth a claim upon which relief may be granted pursuant to Rule 12 (b)(6), and Plaintiff may pursue his remedies before the statutorily designated administrative body.[20]

CONCLUSION

¶ 22    Counts 1, 2, 4, and 6 of Plaintiff's Amended Complaint against TBVI allege civil violations of the CRCA and rules and regulations promulgated thereunder. The Act (32 V.I.C. § 415(b)) gives to the CCC the responsibility to hear *all* claims of such civil violations, providing recourse by appeal to the Superior Court to a party aggrieved by a final decision or order following hearing (32 V.I.C. § 470(a)). Because Plaintiff voluntarily dismissed his administrative action during the hearing before the CCC rendered a final decision or order, he failed to exhaust his administrative remedies and his claims here will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[18] *Id.* at 4.

[19] 32 V.I.C. § 470(a).

[20] TBVI argues that this Court lacks subject matter jurisdiction to hear this matter and that dismissal is proper under V.I. R. Civ. P. 12(b)(1). Because it is determined that Plaintiff's failure to exhaust his administrative remedies results in a failure to state a claim under Rule 12(b)(6), it is unnecessary to determine whether the statutory scheme deprives the Court of subject matter jurisdiction.

¶ 23    In Count 3, Plaintiff alleges that TBVI discriminated against him, causing him to suffer monetary damages. However, Plaintiff cites no statutory or other authority giving rise to such a cause of action, and he does not claim to be a member of any class of persons protected by the CRCA or the Virgin Islands Civil Rights Act, which prohibits discriminatory practices by the owner or proprietor of any place of public resort or amusement against any person on the basis of race, creed, age, color, national origin, sex, disability and/or political affiliation. (10 V.I.C. § 64(3)). Rather, Plaintiff claims that "because he was winning," TBVI lowered the betting limit and changed rules for him alone, which constituted "arbitrary acts of discrimination."[21] Because Plaintiff fails to allege any basis in law upon which he may pursue an action for discrimination against TBVI, Count 3 will be dismissed for failing to state a claim upon which relief may be granted.

¶ 24    By Count 5, Plaintiff alleges that TBVI breached a contractual relationship with him. However, because he has not alleged facts upon which a finding of the existence of a contract between the parties may be found, Count 5 will be dismissed for failure to state a claim upon which relief may be granted. In light of the foregoing, it is hereby

ORDERED that TBVI's Motion to Dismiss Plaintiff's Amended Complaint is GRANTED. It is further

ORDERED that Counts 1, 2, 3, 4, 5 and 6 of Plaintiff's Amended Complaint alleging causes of action against Defendant TBVI are DISMISSED without prejudice.

DATED: August /9 , 2020.

DOUGLAS A. BRADY, JUDGE

**Distribution List:**
Matthew R. Reinhardt, Esq.
Ronald E. Russell, Esq.

---

[21] Amended Complaint, ¶¶ 77-80.